RECEIVED & FILED
BOND - USDC - CHAS, SC
2026 NOV 4 ???

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

KEVIN JOHNSON,                                               Plaintiff,

v.          Case No.: 2:25-cv-12580-BHH-MGB

CHADWICK DOTSON, et al.,                                    Defendants.

PLAINTIFF'S REPLY TO THE SOUTH CAROLINA DEFENDANTS'
MEMORANDUM IN OPPOSITION TO MOTION FOR CONTEMPT

Plaintiff pro se hereby replies to the South Carolina defendants' Memorandum in Opposition to Plaintiff's Motion for Contempt (Dk No. 42), because:

The South Carolina defendants have briefed an opposition to plaintiff's Motion for Contempt (Dk. No. 42). The memorandum, however, does not refute his entitlement to contempt citations against the contemnors and defendants under the governing standards of 18 U.S.C. § 401 (1) and (3) and the court's inherent contempt powers, for their acts committed in the presence of the court or so near thereto as to obstruct the administration of justice herein and obstructing plaintiff's ability to comply with this court's February 11, 2026 order (Dk. No. 20) that he copy all defendants with his filings. The grounds for contempt under the contempt laws have not been contested by the contemnors or defendants. In fact, defendants concede that plaintiff has at very least proven undue delay in his filings caused by their photocopy policy, which is per se obstructive.

The South Carolina defendants have, however, attempted to convert plaintiff's Motion for Contempt into a F.R.Civ.P. 56 Motion for Summary Judgment on a claim of unconstitutional denial of court access under 42 U.S.C. § 1983, while contempt does clearly lie, defendants' actions herein and their photocopy policy have and continue to deny his right of access to the courts, meeting both prongs of such claims under Lewis v. Casey, 518 U.S. 343 (1996). Foremost, his claims in this instant action and his desired and timely filings that have been obstructed are not frivolous, secondly, he has suffered "actual injury" to his litigations herein where they have in fact obstructed his ability to make desired and timely filings, including (1) an interlocutory appeal of this court's February 19, 2026 order (Dk. No. 26) denying his Motion for Temporary Restraining Order and Preliminary Injunction; (2) a motion to reconsider said order pursuant to F.R.Civ.P. 54(b); (3) discovery aimed at, inter alia, identifying the John Doe defendants and having them

timely served with process consistent with this court's order setting a 90 day deadline within which to have all defendants served from the date on which the Clerk's office issued the summonses; (4) an Amended complaint and motion to add the correctly named John Doe defendants; (5) a full and fair response to the South Carolina defendants' Motion to Dismiss / for Summary Judgment by May 15, 2026 as set by this Court's April 14, 2026 Roseboro Notice (Dk. No. 38); (6) a habeas corpus pleading under 28 U.S.C. § 1651 where he is not lawfully confined in SC custody and is thus not a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) and his conditions of confinement claims are governed by the Fourteenth Amendment not the Eighth Amendment, and other filings.[1] See Exhibits A and B hereto.[2]

Where defendants joined on ~~the~~ the material issues and did not refute them, and further invoked the denial of court access claim and standard, plaintiff is thus entitled to summary judgment on the matter of denied access to the courts, and/or at very least, a writ of habeas corpus ad subjiciendum releasing him from SC custody. "[T]he writ of habeas corpus should be left sufficiently elastic so that a court may, in the exercise of its proper jurisdiction, deal effectively with any and all forms of illegal restraint. The rigidity which is appropriate to ordinary jurisdictional doctrines has not been applied to this writ.... Justice may on occasion require the use of a variation or a modification of an established writ." Price v. Johnson, 334 U.S. 266, 282-84 (1948); accord, 28 U.S.C. § 1651.

The Motion for Contempt is not otherwise contested.

THEREFORE this court should (1) find summarily that defendants have and continue to deny plaintiff's right to court access and grant him injunctive relief to enforce his ability to fully and fairly prosecute his action going forward, (2) grant him ~~a~~ writ of habeas corpus ad

---

1. The provisions of the PLRA only apply to "prisoners," i.e., "any person incarcerated or detained in any facility who is accused of, convicted ~~for~~ of, sentenced for, or ~~adjudged~~ adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c); see also, 28 U.S.C. § 1915(h). A person not confined under a valid criminal conviction is not a "prisoner" subject to PLRA scrutiny. Machov v. Charleston County, SC, 939 F 3d 725, 727-28 (4th Cir. 2006). Also, custodial claims like excessive force, deliberate indifference to serious medical needs, etc. are not governed by a single generic constitutional standard. The Eighth Amendment governs duly convicted "prisoners" and the Fourteenth Amendment applies to those confined beyond initial arrest without criminal convictions, typically as detainees. As the Court has established, District courts must determine the

subjiciendum under the All Writs Act and order his discharge from custody and establish that he is not a "prisoner" for purposes of PLRA or Eighth Amendment scrutiny, and (or (3) find the contemnors and defendants in contempt of court of committing acts in presence of this court or so near thereto as to obstruct the administration of justice and obstructing his ability to comply with this courts order to copy and serve all defendants with his filings.

Respectfully submitted,

_____
Plaintiff pro se

Reply to: Kevin Johnson, No. 397279
Perry Correctional Institution
430 Oaklawn Rd.
Pelzer, SC 29669

CERTIFICATE

I hereby certify having mailed a true copy of the foregoing document by placing it into care of custodial officials ~~postage~~ for mailing postage prepaid on this __29th__ day of April 2026 to Clerk, U. S. District Court, P.O. Box 835, Charleston, SC 29402 and notice to defendants.

_____
Plaintiff pro se

---

... custodial status of an incarcerated plaintiff challenging such unconstitutional treatment before proceeding to the merits of such claims to determine which constitutional standard applies to their claims. See, Graham v. Connor, 490 U.S. 389 (1989). Therefore, in aid of this court's proper exercise of jurisdiction with regard to plaintiff's custodial claims and whether PLRA applies to this case, which he contends that it does not because he is _not_ a "prisoner" this court should grant a writ of habeas corpus ad subjiciendum under 28. U.S.C. § 1651.

- 3 -

2. Plaintiff has not been able to submit a copy of Exhibit B herewith because he is in the process of hand drafting a copy of the document for his own records and service because he cannot have it photocopied due to defendants' photocopy policy and contemnors' actions at issue in the underlying motion. Exhibit B is a request for admissions pursuant to F.R. Civ. P. 36 submitted to defendant Chadwick Potson over a month ago, which admits matters material to determining these issues before this Court including that plaintiff is not a "prisoner" within the meaning of the Prison Litigation Reform Act and that the provisions of said Act thus do not apply to him. Upon his completion of his hand draft of said Admissions he will submit them to this Court for consideration with this response.

RCVD - USDC - CHAS SC
2026 NOV 4 AM 8:56

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston      Division

KEVIN JOHNSON,                                          Plaintiff,

v.          Case No.: 2:25-cv-12580-BHH-MGB

CHADWICK DOTSON, et al.,                               Defendants.

DECLARATION

KEVIN JOHNSON under oath states as follows:

1.      I am the pro se plaintiff in this case and base this statement on personal knowledge.

2.      I desire to respond to the south Carolina defendants' Motion to Dismiss / for Summary Judgment within the timeframe set by this court's April 14, 2026 Roseboro Notice of May 15, 2026, but I can't make that desired response by said date nor can I serve all defendant with such response as ordered by this court due to, inter alia, the defendants' photocopy policy and their refusal to provide me with a means of preparing and copying my filings in this and other legal cases that do not cause continued extreme pain and further injury to my hand which impairs my ability to do extensive hand-drafting of legal documents for filing. For these same reasons I have also been prevented from preparing and filing (1) an interlocutory appeal of this court's denial of my motion for Temporary Restraining Order and Preliminary Injunction (Dk. No. 26) for which the 30 day Notice of Appeal deadline has expired, (2) a motion to reconsider DK No. 26 under F.R.Civ.P. 54(b) for the court's overlooking my various constitutional and statutory claims other than the First Amendment retaliation claim and misconstruing the basis of that claim, (3) for discovery needed to identify and finely serve the John Doe defendants and obtain evidence to refute the defendants' Motion to Dismiss / for Summary Judgment, (4) an Amended complaint clarifying my claims and joining the correctly named John Doe defendants, (5) for habeas corpus under 28 U.S.C. § 1651 where I am unlawfully confined and am not a prisoner.

3.      I saw defendant Enloe on April 9, 2026 on sick call and requested of her yet again to provide me a medical pass to receive photocopies of my self-generated documents and for use of a computer to prepare my anticipated legal filings under the ADA. Enloe refused stating that she will not issue any such pass. She observed and acknowledged my hand injury and it being an obviously painful impediment to me doing substantial hand-draftings of legal papers, yet she still refused me the available and requested pass and accommodations.

Exhibit A

4. The grounds of my habeas corpus pleading that I wish to file herein under 28 U.S.C. §1651, is that I'm being unlawfully held in SC custody under criminal proceedings (convictions and sentences) that are null and void because I was never served with any criminal charges or other notice of those proceedings (lack of personal jurisdiction, due process and violation of the Sixth Amendment's requirement of notice of cause and nature of criminal charges) and the courts ignored my repeated requests to represent myself in those criminal proceedings and appointed unwanted defense counsels (also a Sixth Amendment violation — which as the Supreme Court stated in Johnson v. Zerbst, 304 U.S. 458, 468-(1938) - deprives a court of subject matter jurisdiction and deprives the court of the power to deprive one of his liberty), I am therefore not a "prisoner" within the meaning of the PCRA, and my claims for excessive force, deliberate indifference to serious dental and medical needs, solitary confinement, etc., are governed by the Fourteenth Amendment not the Eighth Amendment. I therefore need to pursue habeas corpus under 28 U.S.C. §1651 in aid of this court's jurisdiction in not applying the PCRA or the Eighth Amendment to my action and claims.

I swear to the truth of the foregoing facts under penalty of perjury.

_____

Plaintiff per se