IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kevin Johnson, | ) | Civil Case No. 2:25-cv-12580-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| Chadwick Dotson, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kevin Johnson, proceeding *pro se*, bring this civil action pursuant to 42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act; and the Americans with Disabilities Act. (Dkt. No. 1.) More specifically, Plaintiff—a self-proclaimed "outspoken journalist"—asserts that he has been retaliated against by officials with the Virginia Department of Corrections ("VDOC") and the South Carolina Department of Corrections ("SCDC") for exercising his First Amendment rights and "shin[ing] light on . . . prison and jail systems' failures to meet constitutional standards in their detention practices." (*Id*. at 5.) By Order filed February 11, 2026, service was authorized on Defendants, including Defendants Chadwick Dotson and Arnold David Robinson, and summonses were issued. (Dkt. Nos. 20; 23.) The summonses identify Dotson as "Past Director" of the VDOC and identify Robinson as the "Operations Chief" of VDOC. (Dkt. No. 23.)

On April 21, 2026, the USM-285 form was returned for Defendant Robinson indicating that the United States Marshal ("USM") executed service by certified mail. (Dkt. No. 43.) It includes a return receipt showing the summons was addressed to the VDOC with "Attn: Arnold D. Robinson." (*Id.*) The receipt was signed for by an individual (not Robinson) on March 2, 2025, and the box is checked for "Agent." (*Id.*) However, the box indicating "Restricted Delivery" is

1

*not* checked. (*Id*.) Similarly, on April 24, 2026, the USM-285 form was returned for Defendant Dotson indicating that the USM executed service by certified mail. (Dkt. No. 44.) It includes a return receipt showing the summons was addressed to the VDOC with "Attn: Chadwick Dotson." (*Id*.) The receipt was signed for by an individual (not Robinson) on March 2, 2025, and the box is checked for "Agent." (*Id*.) However, the box indicating "Restricted Delivery" is *not* checked. (*Id*.)

On May 4, 2026, Plaintiff moved for the entry of default against Defendant Dotson pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. No. 47.) Entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). "[A] party seeking the entry of default must provide proof that the party against whom an entry of default is sought was properly served." *Id.* (citing *Smith v. Blithfield Dev., Inc*., 2013 WL 12212546, at *1 (N.D. Ga. Feb. 8, 2013); *Carrington v. Easly*, No. 5:08-CT-3175-FL, 2010 WL 2772405, at *1 (E.D.N.C. July 12, 2010); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (4th ed. 2018) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."). "Otherwise, any entry of default would be void because the court would lack personal jurisdiction over the defaulting party." *Id.* (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc*. 733 F.2d 1087 (4th Cir. 1984)).

Upon review, the undersigned cannot find service of process has been correctly made on Defendants Dotson and Robinson. *See Robinson v. Wateree Cmty. Actions, Inc*., No. 3:17-cv-01578-JMC, 2018 WL 703335, at *2 (D.S.C. Feb. 5, 2018) ("Plaintiff has the burden to establish

that service of process was correctly made and that the court has personal jurisdiction over Defendant."). Fed. R. Civ. P. 4(e)(1) authorizes service in a federal district court in any manner that is proper under the state law in which the court is located or service is made. *See Follum v. North Carolina State Univ.*, No. 5:08-cv-00526-FL, 2009 WL 2869927, at *1 (E.D.N.C. Sept 2, 2009) *aff'd*, 370 F. App'x 405 (2010). Accordingly, the Court looks to the law in South Carolina, where this court is located, and Virginia, were service was made.

Certified mail is not an option for service of process on an individual under Virginia law. *See* Va. Code § 8.01–296; *Luciano v. Virginia Dep't of Motor Vehicles*, No. 7:18-cv-00328, 2018 WL 5316013, at *2 (W.D. Va. Oct. 26, 2018) ("Certified mail was not an available option for service of process" on individual defendant). And while South Carolina allows a plaintiff to serve a summons and complaint upon an individual defendant by certified mail, delivery must be restricted to the addressee. *See* Rule 4(d)(8), SCRCP. Because delivery was not restricted to the addressee specific to Dotson and Robinson, the Court finds Plaintiff has not submitted sufficient proof that these Defendants were properly served. Plaintiff's Motion for Entry of Default (Dkt. No. 47) is therefore DENIED.

Based on the foregoing, the Court instructs the Clerk of Court to re-issue a summons for Defendants Dotson and Robinson. The Clerk of Court is further instructed to forward a copy of this Order, the summonses, the Form USM-285, and the Complaint to the United States Marshal for service of process on Defendants Dotson and Robinson. The Court extends the deadline for service on these Defendants to **July 31, 2026**.

**TO THE UNITED STATES MARSHAL:**

The United States Marshal shall serve the Complaint on Defendants Chadwick Dotson and Arnold Robinson **either by personal service or by certified mail with return receipt requested**

**and delivery restricted to the addressee**. As stated above, service must be accomplished by **July 31, 2026**. The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)). If the information provided on the Form USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified Defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

    **TO DEFENDANTS:**

    Defendants Dotson and Robinson are directed to file an answer to the Complaint or otherwise plead in accordance with Rule 12 of the Federal Rules of Civil Procedure.

    IT IS SO ORDERED.

May 6, 2026
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

4