RECEIVED USDC
CLERK, CHARLESTON, SC

2026 JUN 15 AM 9: 11

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

KEVIN JOHNSON,                                                    Plaintiff,

v.              Case No. 2:25-cv-12580-BHH-MGB

CHADWICK DOTSON, et al.,                                    Defendants.

MOTION AND PLAINTIFF'S ADDED ADMISSIONS AS EVIDENCE
AND ADDED ARGUMENTS IN SUPPORT OF HABEAS CORPUS
AND OBJECTION #1 OF HIS PARTIAL OBJECTIONS TO
REPORT AND RECOMMENDATION

Plaintiff pro se hereby submits as added evidence and support of his outstanding Requests for Habeas Corpus and Release From Confinement, etc., the Admissions of Defendant Joel Anderson, and Added Argument in support of such relief, that Anderson's admissions be taken as admitted, and in support of his objection #1 of his June 5, 2026 Partial Objections to Report and Recommendation, etc., as follows:

1.      Plaintiff has pending before this court an outstanding Request for release from confinement, for habeas corpus and for the court to deem admitted his Requests for Admissions to Defendant Chadwick Dotson. See Dk. Nos. 52, 53 and his May 21, 2026 Response to Defendants' Response to Plaintiffs' Reply. All the parties have conceded this relief. See supra. Based upon these Motions and memoranda, and the evidence in support, including Defendant Dotson's Admissions, it is undisputed that plaintiff is not a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) and 28 U.S.C. §1915(h) and 28 U.S.C. §1915A(c). Therefore the 3-strikes rule of these provisions cannot and do not apply to him.

2.      On May 27, 2026 the Magistrate Judge issued a Report and Recommendation, recommending that the 3-strikes rule be applied to revoke plaintiffs' in forma pauperis status. Where the court has not ruled on his outstanding habeas, nor his alternative habeas requests and memorandum in support herein, which made clear that the PLRA does not apply to him because he is not a "prisoner" under its provisions, the court cannot proceed to apply the provisions of the PLRA as the Report and Recommendation proposes until it rules on these habeas requests; in either case such a determination on the PLRA questions is premature, or mooted by grant of habeas corpus.

3.      Plaintiff includes herewith as Exhibit 1 defendant Joel Anderson's responses to his Request for Admissions.

BRIEF IN SUPPORT

The matters addressed in Exhibit 1 hereto, and his exhibits in support of Dks. Nos. 46 (Plaintiff's Declaration), 52 (Plaintiffs' Request for Admissions to Defendant Chadwick Dotson) and his June 5, 2026 Partial objections to Report and Recommendation, etc. (Plaintiff's Request for Admissions to Defendant Chadwick Dotson, and plaintiff's Request for Additional Admissions to Defendant Chadwick Dotson), all go to proof that plaintiff is unlawfully confined in SC and he is not a "prisoner" within the meaning of the PLRA and his claims for excessive force, denial of medical, dental and mental health care, his solitary confinement conditions, etc. are governed by the Fourteenth and not the Eighth Amendment, because he has not been validly convicted of and is not lawfully confined for any crimes. Therefore, this court should proceed under the All Writs Act, 28 U.S.C. § 1651, to grant him relief on habeas corpus ad subjiciendum declaring the foregoing in aid of its jurisdiction herein and ordering plaintiff's immediate release whereby he will be relieved of his unlawful confinement and the false stigma of being treated as though he is a "prisoner" and defendants' obstructions and delays in his pursuit of this action.[1]

Under § 1651, "a habeas court may grant injunction, declaratory and mandatory relief." Jean v. Meissner, 90 F.R.D. 658, 660-61 (S.D. Fla. 1981); accord, Genty v. Deuth, 381 F. Supp. 2d 634 (W.D. Ky. 2005) (discussing the broad equitable powers of a habeas court to grant such relief as necessary to dispose of a matter as law and justice require). "[T]he writ of habeas corpus should be left sufficiently

---

[1]    As the Fourth Circuit has stated, "[I]f it has no jurisdiction [A Virginia] circuit court judgment of conviction is void in Virginia and may be so declared in any court in any direct or collateral proceeding in which the validity of the conviction is a question to be determined." U.S. v. Blevins, 802 F. 2d 768, 770 (4th Cir. 1986). The validity of convictions imputed to plaintiff are clearly questions to be determined herein in relation to determining his custodial status for purposes of the PLRA and its 3-strikes rule and other provisions, and plaintiff's constitutional claims on conditions of confinement.

- 2 -

elastic so that a court may, in the exercise of its proper jurisdiction, deal effectively with any and all forms of illegal restraint. The rigidity which is appropriate to ordinary jurisdictional doctrines has not been applied to this writ.... Justice on occasion requires the use of a variation or a modification of an established writ." Price v. Johnson, 334 U.S. 266, 282-84 (1948).

As for the Admissions requests to Defendant Dotson, they must be taken as admitted where Dotson did not timely object to or answer them. By operation of F.R.Civ.P. 36, these admissions are deemed admitted. See, Buruck v. Pilkerton, 700 Fed. Appx. 214, 216-17 (4th cir. 2017); JPB v. Gringo Cantina, 2024 WL 5702509 at * 5 (D.S.C. 2024).

As to the Admissions request to Defendant Joel Anderson, it must also be taken as admitted. See Exhibit 1. Where, as here, a denial of Admissions fails to " fairly respond to the substance of the matter " or denies adequate knowledge or information without to admit a matter but does not indicate that a reasonable inquiry has been made and that information is insufficient to enable the party to admit or deny the matter, the matter is to be taken as admitted. F.R.Civ.P. 36(a)(4). Anderson's responses do not meet the requirements of Rule 36(a)(4).

The answers to #'s 1 and 2 of the Admissions request state a lack of adequate knowledge or information to admit the authenticity of the order under which plaintiff is confined and that it's void for various reasons, yet Anderson does not state that he made a reasonable inquiry to enable him to admit or deny this matter, which as plaintiff's custodian is certainly within his knowledge and information. This evasion per se violates Rule 36(a)(4) and is an evasion that does not constitute a denial. A denial coupled with a general exception of doubtful import is an admission. See, e.g. Dulansky v. Iowa Illinois, 92 F. Supp. 118 (D. Iowa 1950)(concluding that the use of the word "denied" qualified by a statement that the responding party does not have knowledge or information upon which to form a belief is a nullity and has the legal effect of an admission). Accord, Benner v. V&O Press, 1986 WL 5175 at * 2 (E.P. Pa. 1986), citing, Southern Ry v. Crosby, 201 F.2d 878 (4th cir. 1953); U.S. EEOC v. Baltimore, 2011 WL 5375044 (D. md. 2011)(" parties may not avoid the failure to deny matter necessarily within their knowledge by giving any such evasive answer, and that a denial coupled with a general exception of doubtful import, will constitute an admission."), citing, Southern Ry v. Crosby, supra. "A refusal to admit without specific detail or detailed reasons why the respondent cannot truthfully admit or deny, is the equivalent of an admission". Id at 880. Maggie's v. State Farm, 2025 WL 329128 * 2 (D.S.C., 2025)(party must make a reasonable inquiry if they claim insufficient knowledge or information).

Anderson's answers in reply to #'s 3-6 of Plaintiff's Admissions do not constitute denials where, the admissions of #'s 1 and 2 as established supra, make clear these denials are not true. As does the further evidence of defendant Potson's admissions on these same points and Plaintiff's Declaration. A matter is admitted where "answers are evasive or fail to respond to the substance of the question, and the evidence establishes that the request should have been admitted." Singhal v. VersaTech, Inc., 2020 WL 6119325 at *5 (D. Md. 2020), citing, Southern Ry. v. Crosby, supra. Furthermore, The denials in responses #'s 3-6 do not "fairly respond to the substance of the matter," as required by F.R. Civ. P. 36(a)(4). Such denials must be "forthright, specific and unqualified." Southern Ry v. Crosby, 201 F.2d at 880. The matter submitted to defendants should be taken as admitted.

Once a matter is admitted it is conclusively established for purposes of the litigation. Adventis v. Consolidated Property, 124 Fed. Appx. 169, 172-73 (4th Cir. 2005). District courts may not disregard admitted matter. Diamond v. Austin Bank, 2022 WL 23026143 at *9 (D.S.C. 2022).

THEREFORE, this court should grant plaintiff release from confinement and a writ of habeas corpus ad subjiciendum, deem his Admissions requests to defendants Potson and Anderson admitted, and finding that the PLRA does not apply to his action. This relief should be granted on basis of the record or, if not, upon ore tenus hearing, having plaintiff brought before the court ordering defendants to produce Kevin Johnson No. 397279 brought before the court for hearing, on ~~plaintiff release~~ motions at which time plaintiff may present his claims for habeas corpus and release from confinement. [2]

Respectfully submitted,

_____
Plaintiff pro se

Reply to: Kevin Johnson, No. 397279
         Perry Correctional Institution
         430 Oaklawn Rd.
         Pelzer, SC 29669

---

2. The writ of habeas corpus shall not be suspended. Art. 1 § 9, U.S. Constitution. Plaintiff does not waive his right to this relief. Courts must "indulge every reasonable presumption against

..., waiver of fundamental constitutional rights and we do not presume acquiescence in the loss of fundamental rights." Johnson v. Zerbst, 304 U.S. 458, 468 (1938)." [A] pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Satchell v. Dilworth, 745 F.2d 781, 785 (1985).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Kevin Johnson,                          )
                                        )    C. A. No.: 2:25-cv-12580-BHH-MGB
        Plaintiff,                      )
                                        )
    v.                                  )    **DEFENDANT JOEL ANDERSON'S**
                                        )    **ANSWERS TO PLAINTIFF'S FIRST**
Chadwick Dotson, et al.,                )    **REQUEST FOR ADMISSIONS**
                                        )
        Defendants.                     )
                                        )
_____    )

**TO:   KEVIN JOHNSON, PRO SE PLAINTIFF:**

Defendant Joel Anderson, by and through his undersigned counsel, hereby answers the

Plaintiff's First Request for Admissions as follows:

## REQUEST FOR ADMISSIONS

1.      <u>Admit</u> the genuineness of the document attached hereto as Exhibit 1, namely the

March 1, 1991 Richmond, Virginia Circuit Court final judgment and sentencing order entered in

case styled <u>Commonwealth of Virginia v. Kevin Johnson</u>, Record Nos. 90-696-F through 90-698-

F.

**ANSWER:**

**Defendant Joel Anderson is employed by the South Carolina Department of Corrections and
lacks sufficient information to attest to the genuineness of the attached exhibit from the
Richmond, Virginia Circuit Court. Therefore, he denies same.**

2.      <u>Admit</u> that the document attached hereto as Exhibit 1 is the judgment and sentence

order under which plaintiff Kevin Johnson has been and is imprisoned, and that this judgment and

1



sentencing order is and always has been void for lack of personal jurisdiction over plaintiff and subject matter jurisdiction, because plaintiff Kevin Johnson was never served with any process, criminal charges nor any other notice of those criminal proceedings and because that Circuit Court ignored his repeated requests to represent himself and appointed unwanted defense counsel Craig Cooley, which violated plaintiff's Fourteenth Amendment right to due process and Sixth Amendment rights to be notified of the cause and nature of his charges and to defend himself pro se (under Finkel Products v. Bell, 205 Va. 927 (1965) and VDOC v. Crawley, 227 Va. 254 (1984) a Virginia Court lacks personal jurisdiction and violates due process where a defendant is not served with criminal process which renders any judgment in such proceedings void and under Johnson v. Zerbst, 304 U.S. 458, 468 (1938) violations of a criminal defendant's Sixth Amendment rights such as the right to notification of charges and to defend pro se deprives a court of subject matter jurisdiction and the power to validly convict that person).

### ANSWER:

**Defendant Joel Anderson is employed by the South Carolina Department of Corrections and lacks sufficient information to attest to the genuineness of the attached exhibit from the Richmond, Virginia Circuit Court. Therefore, he denies same.**

3.    Admit that there is no lawful basis or authority upon which plaintiff Kevin Johnson has been or presently is imprisoned, and that he has never had and does not have any valid criminal convictions nor pending criminal charges.

### ANSWER:

**Denied.**

4.    Admit that plaintiff Kevin Johnson is not a "prisoner" within the meanings of 28 U.S.C. § 1915A(c) and 28 U.S.C. § 1915(h), specifically, that he is not incarcerated or detained based upon being accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

2

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

**ANSWER:**

**Denied.**

5.      <u>Admit</u> that plaintiff Kevin Johnson is and has always been unlawfully imprisoned, and that his illegal confinement can be and should be adjudicated in this case under 28 U.S.C. § 1651 for a writ of habeas corpus and subjiciendum, and this court can and should order his release from this unlawful confinement upon such writ, in furtherance of its jurisdiction in determining his status as not that of a "prisoner" subject to the Prison Litigation Reform Act, and the correct constitutional standards under which his claims for excessive force, denied dental, medical and mental health care; and solitary confinement, etc. are governed (via, whether by the Fourth, Fourteenth or Eighth Amendments).

**ANSWER:**

**Denied.**

6.      <u>Admit</u> that granting plaintiff the writ of habeas corpus and subjiciendum and his immediate release from confinement is in aid of and appropriate to this court's exercise of jurisdiction.

**ANSWER:**

**Denied.**

**SIGNATURE ON FOLLOWING PAGE**

3

Respectfully submitted,

James P. Walsh (Federal Bar No.: 5636)
P. Christopher Smith, Jr. (Federal Bar No.: 9921)
Clarkson, Walsh & Coulter, P.A.
P.O. Box 6728
Greenville, SC 29606
(864) 232-4400
(864) 235-4399 (fax)
Jim.walsh@clarksonwalsh.com
Chris.smith@clarksonwalsh.com
**ATTORNEYS FOR DEFENDANT JOEL ANDERSON**

June __3__, 2026

4

Virginia:

In the Circuit Court of the City of Richmond, Manchester Courthouse

the        1st        day of        March,        19 91.

Commonwealth of Virginia,        plaintiff,)

against

Kevin Johnson,        defendant,)
(D.O.B. 12/3/71)
(Date of Offenses:  6/4/90)

Order –
Case No. 90-696-F
through 90-698-F

Kevin Johnson, who on October 29, 1990, was found guilty by a jury of six (6) felonies in the above cases, but against whom the fixing and imposition of sentences were delayed pending a pre-sentence report by the Probation and Parole Department of this District filed herein on December 7, 1990, and a motion to set aside the jury verdicts, this day was led to the bar in the custody of the Sheriff of the City of Richmond, and also appeared Craig Cooley, his Attorney at law, and Robert Trono, an Assistant Attorney for the Commonwealth, and Barbie Burfoot, his Probation Officer.

Whereupon, the Court proceeded to hear further argument of counsel as to the defendant's motion to set aside the jury verdicts, and having fully considered the same, doth deny said motion.

Thereupon, after allocution of the defendant, it is Ordered by the Court in accordance with the jury verdicts, that the defendant be confined as follows:

(Case No. 90-696-F) Life in the penitentiary on the conviction of the 1st degree murder of John H. Scholl, and two (2) years in the penitentiary on the conviction of using a firearm in the commission of the murder of John H. Scholl;

EXHIBIT 1

(Case No. 90-697-F) ten (10) years in the penitentiary on the conviction of attempted murder of Joseph Pieratti, and four (4) years in the penitentiary on the conviction of using a firearm in the attempted murder of Joseph Pieratti; and

(Case No. 90-698-F) ten (10) years in the penitentiary on the conviction of attempted murder of Jonathan Beatty, and four (4) years in the penitentiary on the conviction of using a firearm in the attempted murder of Jonathan Beatty.

Whereupon, it being represented to the Court that the defendant intends to appeal the judgments of this Court to the Court of Appeals of Virginia, and the Court having determined the defendant to be indigent, it is Ordered that Craig Cooley, Attorney at law, be appointed to represent the defendant on his appeal, and that the Court Reporter prepare a transcript of the hearings in these cases at the expense of the Commonwealth and file with the Clerk according to law.

It is further Ordered that the Commonwealth do recover of the defendant her costs incident to these proceeding, and that the defendant be remanded to the custody of the Sheriff of this City to be dealt with according to law.

Enter this Order,

_____ Judge

Ent. Law O.B. ____ pg. ____

A COPY TESTE:
IVA R. PURDY, Clerk

By_____
Deputy Clerk

CERTIFICATE

I hereby certify under penalty of perjury that I did mail a true copy of the foregoing Motion and Plaintiff's Added Admissions, etc., by placing this document into care of custodial officials for mailing postage prepaid on this 10th day of June 2026 to Clerk, U.S. District Court, P.O. Box 835, Charleston, SC 29402 and notice to defendants.

_____
Plaintiff pro se