IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:25-cv-12580-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Chadwick Dotson, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ______________________________ | ) | |

This matter is before the Court upon the Magistrate Judge's report and recommendation ("Report"), which was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., and wherein the Magistrate Judge recommends that the Court deny Plaintiff's motion to proceed *in forma pauperis*. (*See* ECF No. 62.) The Magistrate Judge further recommends that the Court give Plaintiff 21 days from ruling on the Report to pay the filing fee and that the Clerk of Court withhold entry of judgment until the time for payment expires. (*Id.*)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On June 15, 2026, Plaintiff filed "objection #1 of his partial objections to Report and Recommendation." (ECF No. 67.) Additionally, Plaintiff filed numerous requests for additional time to file additional objections, which the Court granted, but Plaintiff has not to date filed any additional objections. (*See* ECF Nos. 68, 70, 72, 74, 85, 93, 95.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, after review of Plaintiff's "partial objections," the Court notes that Plaintiff merely reiterates his claims and requests release from custody. In all, and even giving Plaintiff the benefit of the doubt and reviewing the matter *de novo*, the Court finds that nothing in Plaintiff's objections alters the Magistrate Judge's conclusion that Plaintiff cannot demonstrate that he is in imminent danger to satisfy the exception to the three-strikes rule under § 1915(g). Furthermore, the Court fully agrees with the Magistrate Judge and finds that Plaintiff is statutorily barred under the three-strikes rule from proceeding *in forma pauperis*. As such, **the Court overrules Plaintiff's objections (ECF No. 67), and the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 62).** Accordingly, **the Court denies Plaintiff's motion to proceed *in forma pauperis*** **(ECF No. 2),** and the Court **grants Plaintiff 21 days from the date of this order to pay the filing fee**. If Plaintiff pays the filing fee within the allowed time, then the Magistrate Judge will issue a new deadline for Defendants to file responsive pleadings.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 15, 2026
Charleston, South Carolina